IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.

BENJAMIN POITEVINT, SR.,

    Plaintiff,

v.

UNITED RECOVERY SYSTEMS, LP,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, BENJAMIN POITEVINT, SR. ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Suwannee, and City of Branford.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, UNITED RECOVERY SYSTEMS, LP ("Defendant") or ("URS") is a limited liability company who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with an attempt to collect an alleged debt from Plaintiff, Defendant, via its agent and/or employee, contacted Plaintiff's daughter-in-law, a third party, for purposes other than obtaining location information and informed said third party that Defendant "had to make a decision about [Plaintiff] and since [Defendant] had not gotten a response from [Plaintiff], [Defendant] had put off making a decision" until Plaintiff was heard from.

12. Upon information and belief, in connection with the collection of an alleged debt, Defendant communicated with Plaintiff's sister and daughter-in-law, both third parties, on no fewer than three (3) occasions, including, but not limited to, the following dates: February 17, 2011, February 23, 2011, and February 24, 2011.

13. Plaintiff requested via telephone conversation that Defendant cease and desist communication with Plaintiff's family.

14. Notwithstanding Plaintiff's request that Defendant cease and desist such communication, Defendant continued to communicate with Plaintiff's family with such frequency as would reasonably be expected to harass the Plaintiff and the Plaintiff's family.

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692b and 1692c(b) by contacting a third party for purposes other than obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b and 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692b(3) and 1692c(b) by communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3) and 1692c(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA

22.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

23.    Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor or any member of his family with such frequency as would reasonably be expected to harass the debtor or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

24.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BENJAMIN POITEVINT, SR., by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 25th day of April, 2011.

          Respectfully submitted,
          **BENJAMIN POITEVINT, SR**

          By: s/ Alex D. Weisberg
          ALEX D. WEISBERG
          FBN: 0566551
          WEISBERG & MEYERS, LLC
          ATTORNEYS FOR PLAINTIFF
          5722 S. Flamingo Rd, Ste. 656
          Cooper City, FL 33330
          (954) 212-2184
          (866) 577-0963 fax
          aweisberg@attorneysforconsumers.com