IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BEN POITEVINT, SR.,

     Plaintiff,

v.                                 CASE NO. 1:11-cv-00076-MP-GRJ

UNITED RECOVERY SYSTEMS, LP,

     Defendant.

_____/

## O R D E R

     This matter is before the Court on Doc. 25, plaintiff's Motion to Compel Better Answers to Discovery.  A telephonic hearing was held on the motion on January 18, 2012, in which attorney Matthew Sullivan represented the plaintiff and attorney Dale Golden represented Defendant.  The Court reviewed each discovery request and response with counsel during the hearing, and made the following rulings.  The motion to compel is denied with regard to Requests to Produce 1, 2, 6, 8 and 9, as defendant indicated during the hearing that no documents relating to plaintiff's account exist beyond the account notes and the recordings already provided.

     To the extent that Request to Produce 4 requests addresses of employees or former employees to facilitate service, the defendant will confirm in writing that it will produce without subpoena all witnesses requested who are still employees of defendant.  Also, defendant will provide last known addresses for those no longer employees.  To the extent that Request to Produce 4 relates to disciplinary history of employees and former employees, the motion to compel is denied without prejudice to plaintiff serving focused requests for disciplinary histories of employees involved with

this account.

The motion to compel regarding Requests for Production 17, 19 and 20 is denied.  Defendant stated during the hearing that it does not possess any documents therein requested, in electronic or paper format, beyond the account notes which have already been produced.

The motion to compel regarding Request to Produce 11 is granted to the extent that Defendant's counsel shall contact defendant to determine if a glossary of the abbreviations, short-hand, codes, etc., in the account notes exists.  If so, defendant shall produce the glossary; if not, defendant shall so inform plaintiff.  The motion to compel is denied with regard to Requests to Produce 13, 14, 15 and 21, as defendant's policies and procedures are not relevant to the instant case.

With regard to Request for Production 16, the Court finds that an organizational chart is relevant to the issues in this case.  However, the Court also notes that if no chart already exists, the Rules do not require defendant to create one for plaintiff's benefit.  Therefore, defendant's counsel is directed to contact defendant to determine if such a corporate organizational chart exists.  If so, defendant shall produce the chart; if not, defendant shall so inform plaintiff.  The motion to compel is denied with regard to Request to Produce 24.  Prior litigation against defendant is not relevant to the issues in the instant case.

During the hearing, the plaintiff indicated that the supplemental disclosures recently received from defendant rendered the motion to compel regarding Interrogatory 7 moot.  Accordingly, the motion is denied regarding that interrogatory.  The motion to compel relating to Interrogatory 8 is denied for the same reasons above regarding

policies and procedures of defendant.  As stated during the hearing, the defendant shall respond in writing to Interrogatory 11, indicating who the owner of the debt was, when the debt was acquired and who currently owns the debt.  Likewise, defendant shall answer Interrogatory 12 and identify and describe the amount allegedly owed by Plaintiff on the debt, itemizing the principal balance, interest, and any other charges.  With regard to interest and other charges, the defendant shall describe the basis therefore.

During the hearing, the defendant expressly waived all of its affirmative defenses, in addition to the bona fide error defense waived in Doc. 29.  Therefore, Interrogatory 15 is denied as moot.  Interrogatory 17 was withdrawn by plaintiff during the hearing.  Finally, the Court denies the motion to compel with regard to Interrogatory 23 because the date, time, and phone number called can be determined from the account notes, and defendant indicated that the phone numbers were found through a skip tracer search.

**DONE AND ORDERED** this 18th day of January, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge